IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-01055-KDB

| NATALIE DAVIDSON, | |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Natalie Davidson's appeal (Doc. No. 1) of an unfavorable administrative decision denying her applications for disability benefits under the Social Security Act. Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

**I. LEGAL STANDARD**

The legal standard for this Court's review of social security benefit determinations is well established. *See Drumgold v. Comm'r of Soc. Sec.*, ___ F.4th___; No. 24-1394, 2025 WL 2017232, at *4 (4th Cir. July 18, 2025); *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the

1

agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 98–99 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 102 (citation modified). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[1] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). "This isn't a high threshold." *Drumgold*, 2025 WL 2017232, at *4. Accordingly, this Court does not review a final decision of the Commissioner *de novo, Metcalf v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Drumgold*, 2025 WL 2017232, at *4; *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653

---

[1] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not." *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction "is so narrow that it is often very difficult for a court to decide upon which side of the line evidence falls"). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that "scintilla is Latin for 'whatever a judge wants it to mean.' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

(4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation modified). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (citation modified); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, the Court must always ensure that proper legal standards are being followed. *Long v. Kijakazi,* No. 1:22-CV-00091-KDB, 2022 WL 18026331, at *2–3 (W.D.N.C. Dec. 30, 2022).

## II. FACTS AND PROCEDURAL HISTORY

Ms. Davidson applied for Supplemental Security Income Benefits in September 2021, alleging disability based on psychosis, schizoaffective disorder, depression, autism and anxiety beginning in June 2017. Doc. No. 4 (Administrative Record ("AR")) at 17, 107. The claim was denied initially in October 2021, and upon reconsideration in May 2022. Upon her request, an ALJ held two hearings, one in May 2023, and a subsequent hearing in April 2024. *Id*. at 17. At the first hearing, she amended the alleged onset date to September 2021, and the hearing was continued to

3

allow her to have a consultative examination. Following the concluding hearing, the ALJ returned an unfavorable decision on June 26, 2024. *See* AR 17-29. The Appeals Council denied Ms. Davidson's request for review and thus the ALJ's decision is the final decision of the Commissioner. AR at 1. Ms. Davidson timely sought judicial review of that decision under 42 U.S.C. § 405(g). Doc. No. 1.

In his decision, the ALJ followed the required five-step sequential evaluation process established by the SSA to determine whether Ms. Davidson was disabled under the law during the relevant period.[2] At step one, the ALJ determined that Ms. Davidson had not engaged in substantial activity since September 22, 2021, the application date. AR 19. At step two, the ALJ determined that Ms. Davidson has the following severe impairments: anxiety and compulsive disorder; autism spectrum disorder; schizophrenia disorder; depressive disorder (20 CFR 416.920(c)). *Id*. at 20.

The ALJ then found at step three that none of Ms. Davidson's impairments, nor any combination thereof, met or medically equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. *See* AR 20. The ALJ concluded that "the severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.03, 12.04, 12.06 and 12.10." *Id*. at 20. In making this finding, the ALJ considered the broad functional areas known as the "paragraph B" criteria and determined

---

[2]  The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but under step five the Commissioner must prove the claimant can perform other work in the national economy despite her limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

4

Case 3:24-cv-01055-KDB     Document 9     Filed 07/30/25     Page 4 of 9

that Ms. Davidson had "moderate limitations" with respect to her capacity for understanding, remembering or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting or managing oneself." *Id.* Thus, the "paragraph B" criteria were not satisfied. *Id*. at 20-21.

Before proceeding to step four, the ALJ found that Ms. Davidson had the following residual function capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and carry out simple instructions; can interact appropriately with supervisors occasionally; no interaction with the general public; interaction with coworkers should be brief and superficial; can respond appropriately to changes in a routine work setting; can make judgments on simple work-related decisions.

AR 21–22.

The ALJ found at step four that Ms. Davidson was unable to perform her past relevant work as a transcribing machine operator, coffee maker and telephone solicitor. AR 28. However, the ALJ found at step five that Ms. Davidson could perform other jobs that existed in significant numbers in the national economy, including routing clerk and cleaner. In sum, the ALJ concluded that Ms. Davidson has not been under a disability as defined in the Social Security Act from September 22, 2021, through the date of the decision. AR 29.

### III. DISCUSSION

In support of her appeal, Ms. Davidson argues that the ALJ's denial of her application for disability benefits is not supported by substantial evidence, specifically that the ALJ erred in concluding that she could tolerate the pressures of a work environment on a sustained basis despite her psychological impairments. In response, the Commissioner argues that this case reflects the typical circumstance in which an ALJ confronts some medical records and subjective complaints suggesting that the claimant's ability to work is significantly impaired and others concluding that

5

she could work with various limitations then resolves that conflict against a finding of a disability. *See Drumgold*, 2025 WL 2017232, at *1. In such cases, this Court is required to affirm because it is not permitted to reweigh the evidence. *Id*. at *5 (the "duty to resolve … conflicting medical evidence lies with the ALJ.") (citation modified). Upon a close review, the Court finds that the record raises significant questions, requiring a remand for further consideration.

A Social Security claimant who cannot perform sustained full-time work is disabled. *See* § 404.1545(a); SSR 96-8p. Full-time work is defined as the ability to work "8 hours a day, 5 days a week ... on a regular and continuous basis." *Id*. A key component of the record related to Ms. Davidson's ability to perform full-time work is her consultative examination and evaluation in September 2023 with Regina Crowder-Galloway, MSN, APRN (after the initial ALJ hearing was continued to allow for the examination). The ALJ found the opinions offered by the consultative examiner "generally persuasive," stating that "[o]verall, the psychological examination revealed *an essentially normal mental status exam* …" AR at 23, 26 (emphasis added).

However, while the examiner labeled Ms. Davidson's impairments "moderate," the details of the evaluation[3] can hardly be considered "normal," particularly with respect to her prospects for sustained employment. First, while the ALJ noted her reported "improvement with medication," he failed to mention that Ms. Davidson reported that "at times claimant experiences auditory hallucinations with paranoia that comes and goes." AR at 4299. Then, in recounting her "General Appearance," the report stated not just that she "presented to the evaluation teary eyed and

---

[3] An ALJ (and the reviewing Court) must consider the evidence as a whole. *See Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 362, 368 (4th Cir. 2023) (finding error where the ALJ focused on periods of improvement to reject evidence or worsened symptoms that would impact the individual's ability to function in a work environment and holding that an ALJ has the "obligation to consider all relevant medical evidence," which prohibits him from "simply cherrypick[ing] facts that support a finding of nondisability while ignoring evidence that points to a disability finding.").

6

nervous," AR at 23, but that (again in a portion not mentioned by the ALJ) "Claimant was tearful throughout the interview requiring redirection and prompting throughout the interview." AR at 4300. In the "Discussion / Prognosis" section of the evaluation, the examiner believed her prognosis was "fair," but noted that she "continues to remain symptomatic" even with medication and "will not improve within the next 12 months without aggressive psychiatric treatment" (which was not forecast). AR at 4301.

Finally, and perhaps most striking, the examiner's "Functional Assessment" concluded that Ms. Davidson would "have difficulty performing simple and repetitive tasks," "have difficulty performing more detailed and complex tasks," "have difficulty accepting instructions from supervisors," "have difficulty interacting with coworkers and the public," "have difficulty performing work activities on a consistent basis without special or additional instructions … [r]equired frequent redirection," "have difficulty maintaining regular attendance in the workplace or completing a normal workday/work week without interruptions from a psychiatric condition," and "have difficulty dealing with the usual stress encountered in the workplace."[4] AR at 4301–02. Simply put, this assessment is not fairly described as the byproduct of a "normal" mental status exam, and it is plainly not a recipe for success in keeping a job.

In fairness to the ALJ, there are other cited portions of the record that more directly support his conclusion. *See* AR at 23–25. Still, if the ALJ finds the most recent consultative examination "generally persuasive," then it raises a significant question as to how the ALJ concluded that it supported a finding that Ms. Davidson could sustain full-time work in accordance with the governing regulations. Further, the ALJ's characterization of that exam as "normal" (while

---

[4] Again, the ALJ only includes part of this assessment in his decision, failing to include her likely difficulty in performing work activities on a consistent basis, maintaining regular attendance and dealing with the "usual stress" of a workplace. AR at 26.

7

ignoring the findings that seem otherwise) raises questions about his similar conclusions about Ms. Davidson's other mental status exams. Taken together, these concerns convince the Court that a remand is necessary. On remand, the ALJ should carefully consider not just behavioral labels (such as "moderate" impairment), but also the circumstances of the various examinations[5] and the details of Ms. Davidson's conditions, all as they relate to her likely ability to sustain full-time work.

However, to be clear, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Davidson's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25 (1990)).

---

[5] While a medical psychological examination ought not be discounted simply because it does not (and could not) replicate a work environment, the fact that a claimant may be able to maintain attention, cooperation, etc., during a relatively short examination (sometimes from their own home) similarly should not be accepted, standing alone, as conclusive evidence that the claimant could do likewise under the stress of a full-time job. Again, the ALJ must consider the evidence as a whole in reaching a disability determination.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

The Commissioner's decision denying Plaintiff's application for disability and other benefits is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 30, 2025

Kenneth D. Bell
United States District Judge